UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUAN JOSE LOPEZ-CANALES,<br><br>    Petitioner,<br><br>    v.<br><br>A. NEIL CLARK, et al.,<br><br>    Respondents. | CASE NO.  C07-1322-MJP-JPD<br><br>REPORT AND RECOMMENDATION |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Juan Jose Lopez-Canales, proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE").  (Dkt. #8).  Respondents have filed a Return and Motion to Dismiss, arguing that petitioner is lawfully detained under the Attorney General's discretion pursuant to Section 241 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231, because he is subject to a final order of removal.  (Dkt. #14).

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. #8) be DENIED, and that respondents' motion to dismiss (Dkt. #14) be GRANTED.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of El Salvador who most recently entered the United States without inspection at or near San Ysidro, California, on or about January 13, 2001. (Dkt. #16 at R240).

REPORT AND RECOMMENDATION
PAGE – 1

Petitioner's criminal history indicates that on March 1, 1994, he was convicted in the Superior Court of California, for the County of Los Angeles, of receiving known stolen property in violation of Section 496(A) of the California Penal Code, and received probation. (Dkt. #16 at L76, R302). On September 10, 1996, petitioner was convicted in the Superior Court of California, for the County of Los Angeles, of first degree burglary in violation of Section 459 of the California Penal Code. (Dkt. #16 at L2). Because petitioner was in violation of his probation, he was sentenced to four years confinement for the burglary conviction, and 44 months confinement for the stolen property conviction. (Dkt. #16 at R240).

On December 20, 2000, petitioner was deported from the United States to El Salvador. (Dkt. #16 at R240). However, petitioner reentered the United States without inspection on or about January 13, 2001. (Dkt. #16 at R240). On July 19, 2001, petitioner was discovered in Los Angeles, California, and was served with a Notice of Intent/Decision to Reinstate Prior Order and a Warrant for Removal. (Dkt. #16 at R143, L126-29). On May 19, 2003, petitioner was convicted of Illegal Entry, and was sentenced to 71 months confinement at the Sheridan Federal Prison in Sheridan, Oregon. (Dkt. #16 at R240).

On October 6, 2006, petitioner was transferred to ICE custody. (Dkt. #18, Ex. A). ICE served petitioner with a Warrant for Arrest of Alien, a Notice of Custody Determination, and a Notice to Appear, charging him with removability pursuant to INA § 237(a)(2)(B), for being present in the United States without being admitted or paroled. (Dkt. #16 at L132-35).

On November 4, 2006, petitioner filed an Application for Asylum and for Withholding of Removal. (Dkt. #16 at L140-48). On December 4, 2006, the Immigration Judge ("IJ") denied petitioner's application for asylum and withholding of removal and ordered him removed from the United States to El Salvador. (Dkt. #16 at L223). The IJ noted that any appeal needed to be filed by January 31, 2007. *Id.* Petitioner did not file an appeal of the IJ's order. Rather, on February 21, 2006, petitioner filed a Motion to Reopen Removal Proceedings, requesting that the Immigration Court reconsider its December 4, 2006, decision. (Dkt. #16 at L332-34). On May 2, 2007, the IJ denied petitioner's motion to reopen or reconsider. *Id.* Petition appealed

REPORT AND RECOMMENDATION
PAGE – 2

the IJ's decision to the Board of Immigration Appeals ("BIA"), who dismissed the appeal on July 23, 2007. (Dkt. #14, Ex. A).

On August 3, 2007, petitioner filed a Petition for Review of the BIA's decision with the Ninth Circuit Court of Appeals. *See Lopez-Canales v. Gonzales*, No. 07-73057 (9th Cir. filed Aug. 3, 2007). At the same time petitioner filed a motion for stay of removal. Under Ninth Circuit General Order 6.4(c)(1)(3), this caused a temporary stay of removal to automatically issue. *Id.* On October 10, 2007, the Government filed its brief in opposition to petitioner's motion for stay of removal. *Id.* On January 10, 2008, the Ninth Circuit denied petitioner's motion for stay of removal. *Id.* The Petition for Review remains pending in the Ninth Circuit.

## III. DISCUSSION

Section 241(a)(1)(A) of the INA states that "[e]xcept as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall removed the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." INA § 241(a)(1)(A), 8 U.S.C. § 1231(a)(1)(A). S*ee also Thai v. Ashcroft*, 366 F.3d 790, 793 (9th Cir. 2004) ("When a final order of removal has been entered against an alien, the Government must facilitate that alien's removal within a 90-day 'removal period.'"). The removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.</u>

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B)(emphasis added); s*ee also Khotesouvan v. Morones*, 386 F.3d 1298, 1300 n.3 (9th Cir. 2004) (stating that the 90-day removal period commences on "the date the order of removal becomes final; the date a reviewing court lifts its stay following review and approval of the order of removal; or the date the alien ordered removed is released from non-immigration related confinement."). During this removal period, continued detention is required.

REPORT AND RECOMMENDATION
PAGE – 3

INA § 241(a)(2), 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien."). Where removal cannot be accomplished within the 90-day removal period, detention beyond the removal period is authorized by INA § 241(a)(6), 8 U.S.C. § 1231(a)(6); *see Zadvydas v. Davis*, 533 U.S. 678, 682, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). In *Zadvydas,* the Supreme Court determined that the Government is entitled to a presumptively reasonable period of detention of six months to bring about the alien's removal from the United States. *Zadvydas*, 533 U.S. at 701. After this six month period, the alien is eligible for conditional release upon demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.* The petitioner has the burden of coming forward with "good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. If the petitioner meets this burden, the government must produce sufficient evidence to rebut petitioner's showing. *Id.*

In the present case, the Ninth Circuit denied petitioner's motion for stay of removal on January 10, 2008, thereby commencing the removal period. *See* INA § 241(a)(1)(B)(ii), 8 U.S.C. § 1231(a)(1)(B)(ii). Thus, petitioner's 90-day removal period will expire on or about April 10, 2008, and the six month presumptively reasonable period will expire on or about July 10, 2008. Accordingly, the habeas petition should be denied as petitioner's detention is lawful, and authorized by statute.

## IV.   CONCLUSION

For the foregoing reasons, I recommend that respondents' motion to dismiss, Dkt. #14, be GRANTED, and that this action be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 16th day of January, 2008.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 4